EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 06/20/2025 08:00:00 AM.
30-2025-01491144-CU-NP-WJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CROSSCOUNTRY MORTGAGE, LLC; EQUIFAX INFORMATION
SERVICES LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.;
and DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

THEODORE TRUJILLO, JR,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>~~XXXX Civic Center Drive West~~<br>~~Santa Ana CA 92701~~ | Orange County Superior Court<br>West Justice Center<br>8141 13th Street<br>Westminster, CA 92683 |

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| 30-2025-01491144-CU-NP-WJC |
| Judge Richard Lee |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, Adrian R. Bacon, 21031 Ventura Blvd. Ste 340 Woodland Hills, CA 91364, 323-306-4234

| DATE: 06/20/2025 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* K. Climer | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Equifax Information Services LLC**

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Electronically Filed by Superior Court of California, County of Orange, 06/20/2025 08:00:00 AM.
30-2025-01491144-CU-NP-WJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, SBN 216752 <br> 21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364 <br><br> TELEPHONE NO.: 323-306-4234     FAX NO.: 866-633-0228 <br> EMAIL ADDRESS: tfriedman@toddflaw.com <br> ATTORNEY FOR *(Name)*: Theodore Trujillo, Jr. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**
STREET ADDRESS:  Orange County Superior Court
MAILING ADDRESS:  West Justice Center
CITY AND ZIP CODE:  8141 13th Street
BRANCH NAME:  Westminster, CA 92683

CASE NAME:
Theodore Trujillo, Jr. v. Crosscountry Mortgage, LLC, et. al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited** <br> (Amount       (Amount <br> demanded     demanded is <br> exceeds $35,000)   $35,000 or less) | [ ] Counter   [ ] Joinder <br><br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 30-2025-01491144-CU-NP-WJC <br><br> JUDGE: <br> DEPT.: Judge Richard Lee |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify)*: 4
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 19, 2025
Todd M. Friedman, Esq.
_____
(TYPE OR PRINT NAME)           ►           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> *www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]        **CIVIL CASE COVER SHEET**        Page 2 of 2

Case 8:25-cv-01620-DOC-KES    Document 1-1    Filed 07/25/25    Page 5 of 16   Page ID
#:12
Electronically Filed by Superior Court of California, County of Orange, 06/20/2025 08:00:00 AM.
30-2025-01491144-CU-NP-WJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

Todd M. Friedman, Esq. (SBN 216752)
Adrian R. Bacon, Esq. (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF ORANGE COUNTY**
**UNLIMITED JURISDICTION**

THEODORE TRUJILLO, JR,

    Plaintiff,

vs.

CROSSCOUNTRY MORTGAGE, LLC;
EQUIFAX INFORMATION SERVICES
LLC.; EXPERIAN INFORMATION
SOLUTIONS, INC.; and DOES 1-10
inclusive,

    Defendants.

Case No.:  30-2025-01491144-CU-NP-WJC

**Assigned for All Purposes**

Judge Richard Lee

**COMPLAINT FOR**

1. Breach of Contract;
2. Breach of Fiduciary Duty;
3. Violation of the Fair Credit Reporting Agencies Act (15 U.S.C. § 1681 et seq.)
4. Violation of the California Consumer Credit Reporting Agencies Act (Cal. Code of Civ. Pro. § 1785 et seq.)

(Amount to Exceed $35,000)

**COMPLAINT**

    Plaintiff, THEODORE TRUJILLO, JR., brings this complaint to stop unlawful practices of Defendant CROSSCOUNTRY MORTGAGE, LLC in failing to abide by its terms of service governing its agreement with Plaintiff regarding his Mortgage Account and its repayment terms. Furthermore, this is an action for damages brought by an individual consumer for Defendants' violations of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a) (hereinafter "CA CCRAA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

1 | (hereinafter "FCRA"), both of which regulate the collection, dissemination, and use of consumer
2 | information, including consumer credit information.

3 | **PARTIES**

4 | 1.    Plaintiff, THEODORE TRUJILLO, JR., ("Plaintiff"), was at all times relevant
5 | hereto a natural person residing in Orange County, California,

6 | 2.    Defendant, CROSSCOUNTRY MORTGAGE, LLC ("CCM"), is a Delaware
7 | Limited Liability Company that does business in Orange County, California.

8 | 3.    At all relevant times herein, Defendant, EQUIFAX INFORMATION SERVICE,
9 | INC. ("EQUIFAX"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). Defendant is
10 | a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in
11 | whole or in part in the practice of assembling or evaluating consumer credit information or other
12 | information on consumers for the purpose of preparing or furnishing consumer reports, and
13 | Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA,
14 | 15 U.S.C. § 1681a(f).

15 | 4.    At all relevant times herein, Defendant, EXPERIAN INFORMATION
16 | SOLUTIONS, INC. ("EXPERIAN"), is a "person" as that term is defined by 15 U.S.C.
17 | §1681a(b). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit
18 | basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer
19 | credit information or other information on consumers for the purpose of preparing or furnishing
20 | consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is
21 | defined under the FCRA, 15 U.S.C. § 1681a(f).

22 | 5.    Collectively, EQUIFAX and EXPERIAN will be referred to, hereinafter, as CRA
23 | Defendants and with CCM will be referred to as Defendants.

24 | 6.    At all relevant times herein, CRA Defendants regularly provided information to
25 | consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA
26 | and CA CCRAA.  At all relevant times, Defendants were both a "person" as that term is defined
27 | by 15 U.S.C. §1681a(b).

28 |

**COMPLAINT**
-2-

7.    At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

8.    The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**BACKGROUND**

10.    Plaintiff was a customer of CCM and routinely made timely mortgage payments for over 3 years.

11.    In or around January of 2023, Plaintiff visited CCM's website to make his monthly mortgage payment and noticed a link related to assistance programs. Plaintiff clicked on the link to see what the offerings were.

12.    An offer caught Plaintiff's attention, described in essence as: moving 6 or more payments to the end of the loan, to save some money.

13.    Plaintiff called CCM's listed telephone number and had a lengthy conversation with CCM's representative, wherein Plaintiff was told the program was available to him and Plaintiff could skip the next month's payment as Plaintiff would be grandfathered into the program.

14.    Soon thereafter, CCM reported Plaintiff as 30 days late to CRA Defendants.

1       15. Plaintiff then reached out to JJ Mazzo, a Vice President in CCM's organization.

2    Mr. Mazzo apologized and put Plaintiff in touch with customer relations manager Roxanne

3    Gretzky to resolve the issues with Plaintiff's account.

4       16. CCM through its representatives, then sent Plaintiff two (2) letters apologizing

5    for its errors, and further advised that the errors should not affect Plaintiff's credit and further

6    confirmed Plaintiff was in the program that places six (6) payments at the to the end of the loan.

7       17. However, it takes CCM two (2) more months to place Plaintiff in the program,

8    as CCM's program and its portal are riddled with problems.

9       18. As a result, Plaintiff was instructed by CCM to email documents, at which time

10   CCM purported to have finalized the paperwork, and sent Plaintiff documentation outlining that

11   from June 1, 2023 to November 1, 2023, Plaintiff's monthly payment was $0 and there was

12   nothing further for Plaintiff to do, as Plaintiff was in and approved for the program.

13      19. In or around November of 2023, Plaintiff received an alert his credit report that

14   CCM reported him six (6) months late on payments.

15      20. Plaintiff again contacted CCM's Vice President, Mr. Mazzo, who again

16   apologized and got Ms. Gretzkey involved, and advised that it would work to resolve the

17   situation.

18      21. Two weeks later, Plaintiff begins receiving various encrypted emails allegedly

19   from CCM but with no instruction on how to access the correspondence.

20      22. CCM then begins sending Plaintiff demand letters for the alleged 6 months of

21   back payments and at this point CCM has done is made harassing debt collection calls and sent

22   collection letters.

23      23. Ultimately, Plaintiff is strong armed into making modified payments for

24   November 2023, December 2023 and January 2024, with assurances that CCM will then put the

25   6 months of payments at the end of his loan.

26      24. In or around January of 2024, Plaintiff spoke to another of CCM's

27   representatives who assured him that she sees all the issues, understands the problem, and will

28   send Plaintiff paperwork to place the 6 months of payments at the end of the loan.

1      25.     On or around, February 2, 2024, Plaintiff received the paperwork however the

2    paperwork was related to staying on a modified payment, and further around the time the

3    paperwork was sent out, CCM was no longer the servicing company for the loan.

4      26.     CCM also collected approximately six mortgage payments totaling

5    approximately $24,000, which were not properly credited to Plaintiff's account or reflected in

6    any account statements for over eight months.

7      27.     CCM then improperly used those uncredited payments, along with six previously

8    misreported late payments, as a basis to falsely initiate foreclosure proceedings against Plaintiff.

9      28.     CCM continued errors, inaccurate reporting and lack of resolution Plaintiff was

10   left in a dire situation with the new servicing company; which resulted in Plaintiff losing his

11   home, by being forced to sell it at a loss along with substantial damage to Plaintiff's credit.

12     29.     As a result of Defendant's actions, Plaintiff has been defrauded out of thousands

13   of dollars.

14     30.     At various and multiple times prior to the filing of the instant complaint,

15   including within the one year preceding the filing of this complaint, CCM reported derogatory

16   information on Plaintiff's credit report, thereby causing significant damage to Plaintiff's credit

17   history. However, Plaintiff is informed, upon valid information and belief, that this reporting is

18   inaccurate, misleading, or incomplete.

19     31.     CCM furnished inaccurate, false, or incomplete information to the consumer

20   credit reporting agencies. This has resulted in a negative effect on Plaintiff's credit score.

21     32.     Prior to the filing of this Complaint, Plaintiff has informed CCM of the nature of

22   the information they are furnishing, namely that it is false, misleading, or incomplete, as well as

23   harmful to Plaintiff's credit score.

24     33.     Plaintiff has requested that CCM cease furnishing such information.

25     34.     However, CCM has refused to correct the information reported on Plaintiff's

26   consumer credit report.

27     35.     Furthermore, Plaintiff disputed the reporting in writing with EQUIFAX,

28   EXPERIAN and TRANS UNION.

36.   Defendants failed to reasonably reinvestigate and permitted the erroneous derogatory information on Plaintiff's consumer credit report.

37.   This reporting had a severely negative effect on Plaintiff's credit score.

38.   CCM is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

39.   Plaintiff disputed in wiring the reporting with EQUIFAX, EXPERIAN and TRANS UNION, but Defendants refused to cease furnishing the erroneous information. Furthermore, CCM refused to properly validate the information and instead, falsely reported it.

40.   As a result of Defendants' inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendants on Plaintiff's credit report.

41.   The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

42.   The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

43.   Plaintiff has been damaged, and continues to be damaged, in the following ways:
   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;
   b. Decreased credit score which may result in inability to obtain credit on future attempts; and
   c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report.

44.   At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

45.   At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly

1  negligent disregard for federal and state laws and the rights of Plaintiff herein.

2        46.    Defendants violated sections 1681n and 1681o of the FCRA by engaging in the

3  following conduct that violates 15 U.S.C. §1681s-2(b):

4             a.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff

5                to credit reporting agencies and other entities despite knowing that said information was inaccurate.

6        47.    Similarly, Defendants violated Cal. Civ. C. § 1785.16 by failing to reasonably

7  reinvestigate and correct the inaccurate and false information on Plaintiff's credit report after

8  receiving a dispute from Plaintiff.

9        48.    Defendants' conduct was a direct and proximate cause, as well as a substantial

10  factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above,

11  and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory,

12  actual and punitive damages, along with attorneys' fees and costs, as well as such other relief

13  permitted by law.

14        49.    Furthermore, CCM failed to notify Plaintiff of their intention to report negative

15  information on his credit reports. Defendants then failed to correct the disputed information

16  within thirty days of Plaintiff's dispute of that information.

17        50.    As a result of the above violations of the CA CCRAA and FCRA, Plaintiff

18  suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation,

19  embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for

20  Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

21        51.    The conduct described herein amount to numerous violations of the FCRA and

22  the CA CCRAA, and for such violations, Plaintiff here and now seeks remediation of all of

23  Defendants' wrongful acts in the form of all due and proper legal and equitable relief.

24  **COUNT I: BREACH OF CONTRACT**<br>**(As to CCM Only)**

25        52.    There existed a contract between Defendant and Plaintiff as described herein.

26        53.    Plaintiff performed all material obligations arising under the contract.

27        54.    Defendant, however, did not uphold its end of the bargain by failing credit

28  Plaintiff's account for the full amount of the disputed error.

1    55.    Such conduct constitutes a material breach of the contract.

2    56.    Plaintiff was harmed by Defendant's conduct.

3                **COUNT II: BREACH OF FIDCUIARY DUTY**
4                          **(As to CCM Only)**

5    57.    There existed a fiduciary relationship between Defendant and Plaintiff.

6    58.    Defendant acted on behalf of Plaintiff for the purposes of providing debt account
7    services.

8    59.    By failing to make payments to Plaintiff's correct errors in Plaintiff's account,
9    Defendant failed to act as a reasonable fiduciary would have acted under similar circumstances.

10    60.    As a result, Plaintiff was harmed. Defendant's conduct was a substantial factor in
11    causing this harm.

12        WHEREFORE, Plaintiff requests that the Court:

13            a.  Grant judgment against Defendant for all actual, statutory,
14                punitive and other damages to which Plaintiff is entitled;

15            b.  Enter an order rescinding the transaction;

16            c.  Issue an injunction prohibiting Defendant from engaging in such
17                conduct in the future;

18            d.  Grant Plaintiff's Attorneys' fees; and

19            e.  Grant all other relief deemed just and appropriate.

20
21        **COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT**
                        **(As to All Defendants)**

22    59.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth
23    at length herein.

24    60.    Defendant CCM has violated 15 U.S.C. § 1681-s2b.

25    61.    CRA Defendants have violated 15 U.S.C. § 1681l(i).

26    62.    To the extent that Defendants' actions, counted above, violated the FCRA, those
27    actions were done knowingly and willfully.

28    ///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

        A.    Actual damages;
        B.    Statutory damages;
        C.    Costs and reasonable attorney's fees; and
        D.    For such other and further relief as the Court may deem just and proper

**COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**
**(As to all Defendants)**

63.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

64.    To the extent that Defendants' actions, counted above, violated the CCRA, those actions were done knowingly and willfully.

65.    Defendant CCM has violated Cal. Civ. C. § 1785.25(a).

66.    CRA Defendants have violated Cal. Civ. C. § 1785.16.

67.    Based on these violations of Civil Code § 1785.16, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

        A.    Actual damages;
        B.    Statutory damages;
        C.    Costs and reasonable attorney's fees; and
        D.    For such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

68.    Plaintiff demands a trial by jury, pursuant to his right under Article 1, Section 16 of the Constitution of the State of California, on all issues so triable.

///

1    Dated: June 19, 2025
2
3
4                                                    Todd M. Friedman, Esq.
                                                     Attorney for Plaintiff
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT**
**-10-**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 8141 13th STREET<br>MAILING ADDRESS: 8141 13th Street<br>CITY AND ZIP CODE: Westminster 92683<br>BRANCH NAME: West Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE*<br><br>**Jun 21, 2025**<br><br>Clerk of the Court<br>By: K. Climer, Deputy |
| PLANTIFF: Theodore Trujillo, Jr | |
| DEFENDANT: Crosscountry Mortgage, LLC et.al. | |
| Short Title: TRUJILLO VS. CROSSCOUNTRY MORTGAGE, LLC | |

| NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>30-2025-01491144-CU-NP-WJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>09/25/2025</u> at <u>01:30:00 PM</u> in Department <u>W15</u> of this court, located at <u>West Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters – https://www.occourts.org/media-relations/civil.html
Probate/Mental Health – https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division – https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles – https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental – https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones – https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự – https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần – https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm – https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**NOTICE OF HEARING**

Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

West Justice Center
8141 13th STREET
Westminster 92683

**SHORT TITLE:** TRUJILLO VS. CROSSCOUNTRY MORTGAGE, LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** **30-2025-01491144-CU-NP-WJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Westminster, California, on 06/21/2025. Following standard court practice the mailing will occur at Sacramento, California on 06/23/2025.

Clerk of the Court, by: _____, Deputy

LAW OFFICES OF TODD M. FRIEDMAN,PC
21031 VENTURA BOULEVARD # 340
WOODLAND HILLS, CA 91364

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

**Page: 2**

V3 1013a (June 2004)                                    Code of Civil Procedure , § CCP1013(a)